## OKLAHOMA RY. CO. et al. v. WOODS, Adm'r.

No. 22189. Opinion Filed April 11, 1933.

Rehearing Denied June 27, 1933.

A. L. McRill, Municipal Counselor, and A. P. Van Meter, Asst. Municipal Counselor, for plaintiff in error Oklahoma City.

Hayes, Richardson, Shartel, Gilliland & Jordan, for plaintiff in error Oklahoma Railway Company.

Ledbetter, Stuart, Bell & Ledbetter and A. G. Morrison & Sons, for defendant in error.

CULLISON, V. C. J. Ross M. Woods, administrator, as plaintiff, instituted suit against the Oklahoma Railway Company and the city of Oklahoma City, defendants, seeking to recover damages to certain land.

216

Plaintiff's farm is located in the bottom of the North Canadian river, just north of and above the city water reservoir and the railway track of defendant railway company. There was a flood of the North Canadian river in October, 1923, and plaintiff contends that the construction of the defendants' waterworks system and the embankment upon which defendant railroad was constructed across the North Canadian river bottom was negligently constructed and resulted in backing up the water over plaintiff's farm, thereby injuring his land by depositing silt thereon and by washing away a part of plaintiff's land.

It was further contended that the only opening through the railroad embankment which would permit the water of the reservoir to pass through under the railroad was not sufficiently large to permit a flow of the volume of water that should have been anticipated; therein the defendants were negligent, and said negligence caused plaintiff's loss.

A case involving the damage of personal property under the same conditions and circumstances as the case at bar, to wit, Oklahoma Railway Co. v. Boyd, 140 Okla. 45, 282 P. 157, was one wherein this court adjudicated the question of liability and held that both defendants were liable for such damage as existed, so that the only question to be tried in the case at bar was the amount of damage, if any, done to the real estate of plaintiff.

This case was consolidated and tried with the case of Oklahoma Railway Co. et al. v. Boyd, No. 22188 (no opinion) and a separate verdict rendered in each case.

In the case at bar, the jury rendered verdict favorable to plaintiff.

Both defendants appeal and contend: First, that before damages for a permanent injury can be recovered for the overflow of land, it is necessary to prove that the cause of the injury is permanent in character and not removable by the expenditure of labor or money, or that the injury itself is permanent.

The trial court, in defining the measure of damages applicable to the case at bar, gave but one instruction thereon, which is as follows:

'The measure of damages in this case is the difference between the fair market value of said land immediately prior to the flood of October, 1923, and the fair market value of said land immediately thereafter, if any."

The instruction of the court embodies the only measure of damages given to the jury for their consideration in determining said cause.

The defendants excepted to said instruction, but defendants failed to request any further or additional instructions from the trial court in the trial of said cause.

The question of damages caused by flowing water on to a person's property has been before this court, and the rule announced thereon has been settled in a former decision. In the case of Choctaw, O. & G. Ry. Co. v. Drew, 37 Okla. 396, 130 P. 1149, at page 411 of Okla. Reports, this court had under consideration the question of the measure of damages, and approved the rule from Cyc. as follows:

"The true measure of damages is compensation for the injury or loss sustained, and, as a general rule, in such cases the damages are measured by the depreciation in the market value of the property injured, where the injury * * * is of a permanent nature. * * * 29 Cyc. 1275, and authorities cited."

In the case at bar, there was an element of permanent injury to the real estate, because the record discloses that a portion of the land was washed away. It discloses that a ditch was washed between plaintiff's property and the right of way of defendant railroad, and that said ditch was sufficiently large so as to completely remove a strip of plaintiff's land approximately 40 feet wide by about 300 yards long, and to this extent there was a permanent injury to plaintiff's land and plaintiff was entitled to recover damages for a permanent injury to his land.

The instruction given by the trial judge in the instant case covers the element of permanent damages. Held, under the facts as disclosed by the record in the case at bar, the instruction correctly and fairly states the law, and the court committed no reversible error in giving said instruction. Judgment affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.